UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

TIMOTHY PATRICK HIGLE,

Defendant.

Case No. 25-cr-20167
Hon. Linda V. Parker

---

**Stipulation and Order to Continue Trial Date and Find Excludable Delay**

---

The parties stipulate to continue the motion cutoff, pretrial conference, and trial date currently set for August 26, 2025, for approximately 90 days. The parties further stipulate, and jointly move for the Court to find, that the time period between the filing of this stipulation to adjourn and the new trial date set by the Court, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and the defendant in a speedy trial. The parties' reasons for a continuance and a finding of excludable delay are as follows:

- The government is working to review and produce additional discovery materials in this case. Discovery is voluminous with electronic evidence, police reports from multiple agencies, and involves multiple minor victims requiring substantial review for redactions to protect identifying information.

- Additionally, given the nature of the charges, much of the discovery in this case can only be reviewed at a government facility. As such, the parties need time to coordinate review of those discovery materials, which may require multiple potential review sessions.
- The defendant needs time to consult with counsel to evaluate the discovery once it is fully disclosed and review at a government facility has taken place. The defense will need to evaluate potential pretrial motions and determine whether a pretrial resolution is appropriate in this case or to prepare for trial. A continuance will also allow the parties the time necessary to consult and determine whether a resolution can be reached.
- The defendant consents to this adjournment so that he can coordinate with counsel to review the discovery and confer regarding how to proceed with this case.
- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the time necessary for effective preparation, considering the exercise of due diligence.

The parties therefore request that the Court grant a continuance of the pretrial and trial dates for approximately 90 days, and further find that the delay caused by this continuance should be deemed excluable time under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by the granting of this continuance outweigh the

best interests of the public and the defendant in a speedy trial.

**IT IS SO STIPULATED.**

Respectfully submitted,

*s/Sean L. King*
SEAN L. KING
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Michigan
211 West Fort Street
Detroit, MI 48226
(313) 226-9727
sean.king@usdoj.gov

*s/Margaret Sind Raben (with consent)*
MARGARET SIND RABEN (P39243)
Attorney for Defendant
Gurewitz & Raben, PLC
333 W. Fort Street, Suite 1400
Detroit, MI 48226
(313) 628-4708
msraben@aol.com

Dated: August 1, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

Case No. 25-cr-20167
Hon. Linda V. Parker

TIMOTHY PATRICK HIGLE,

Defendant.

---

**Order Continuing Trial Date and Finding Excludable Delay**

---

**IT IS ORDERED** that the dates in this matter are set as follows:

- Pretrial Motions (except for motions in *limine*): **October 10, 2025**
- Final Pretrial Conference/Plea Cutoff: **November 19, 2025 at 11:00 a.m.**
- Jury Trial: **December 2, 2025 at 9:00 a.m.**

**IT IS FURTHER ORDERED** that the time between August 26, 2025, and December 2, 2025, is excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). Considering the factors in 18 U.S.C. § 3161(h)(7)(B) along with the parties' stipulation that the adjournment will provide additional time for the government to complete their review of additional discovery and disclose it to the defense, review of discovery at a government facility, defendant's consultation with counsel on how to proceed with the case, discussion of a potential resolution, and for trial preparation, if necessary, the Court finds that the

ends of justice served by this delay outweigh the best interest of the defendant and the public in a speedy trial.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 4, 2025