United States District Court
Eastern District of Michigan
Southern Division

United States of America,

         Case No. 25-cr-20167

v.

         Hon. Linda V. Parker

Timothy Patrick Higle,

   Defendant.

_____/

## Plea Agreement

The United States of America and the defendant, Timothy Patrick Higle, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

### 1. Count of Conviction

The defendant will waive his right to an Indictment and plead guilty to Count 3 and Count 8 of the First Superseding Information. Count 3 charges the defendant with sexual exploitation of minors under 18 U.S.C. § 2251(a). Count 8 charges the defendant with receipt of child pornography.

## 2.    Statutory Minimum and Maximum Penalties

The defendant understands that the counts to which he is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 3 | Term of imprisonment: | At least 15 years and up to 30 years |
|---|---|---|
|  | Fine: | Up to $250,000 |
|  | Term of supervised release: | At least 5 years and up to life |
| Count 8 | Term of imprisonment: | At least 5 years and up to 20 years |
|  | Fine: | Up to $250,000 |
|  | Term of supervised release: | At least 5 years and up to life |

The defendant understands that Count 3 requires a mandatory minimum sentence of 180 months' imprisonment and that the Court may not impose a sentence on those counts below the mandatory minimum.

The defendant understands that Count 8 requires a mandatory minimum sentence of 60 months' imprisonment and that the Court may not impose a sentence on those counts below the mandatory minimum.

The defendant further understands that the Court has the discretion to run the sentences of imprisonment on the counts of conviction consecutively to each other.

## 3.    Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the First Superseding Information against the defendant, specifically, Counts 1 – 2, 4 – 7, and 9, which charge the defendant with sexual exploitation of minors and possession of child pornography.

## 4.    Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional charges against the defendant for the conduct reflected in the factual basis or the stipulated offense.

## 5.    Elements of Count of Conviction

The elements of Count 3 are:

(1)    The defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for

the purpose of producing a visual depiction of that conduct; and

(2)   The defendant did so knowing or having reason to know that such visual depiction would be transported or transmitted using a means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce; or the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; or the visual depiction was transported or transmitted using a means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

The elements of Count 8 are:

(1)   The defendant knowingly received child pornography;

(2)   The defendant knew that the material was child pornography; and

(3)   The child pornography was shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.

**6.   Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

*With respect to Count 3:*

On or about March 23, 2023, in the Eastern District of Michigan, Southern Division, defendant Timothy Patrick Higle knowingly employed, used, persuaded, induced and enticed MV-1 and MV-2 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing and having reason to know that the visual depictions would be and were transmitted using means or facilities of interstate or foreign commerce.

On March 23, 2023, Higle persuaded, induced, and enticed MV-1 and MV-2 to produce sexually explicit images of themselves that showed MV-1 and MV-2 with their nude genitalia displayed to the camera. Higle induced MV-1 and MV-2 to produce the images and to send the images to Higle using the internet or cellular service networks, which are means or facilities of interstate commerce, in exchange for payment. At the time of this conduct, MV-1 was approximately 14 years old, and MV-2 was approximately 16 years old.

*With respect to Count 8:*

Between in or around 2012 and on or about September 30, 2024, in the Eastern District of Michigan, Southern Division, and elsewhere, defendant Timothy Patrick Higle knowingly received child pornography, as defined in 18 U.S.C. § 2256(8), that had been shipped or transported using a means or facility of interstate or foreign commerce and in or affecting interstate or foreign commerce.

Between 2012 and September 30, 2024, Higle persuaded, induced, and enticed multiple minor victims, including MV-1, MV-2, MV-3, MV-4, MV-5, MV-6, MV-7, and MV-8, to produce images and videos of themselves engaged in sexually explicit conduct, and to transmit these images and videos to Higle using the internet or cellular service

networks, which are means or facilities of interstate commerce. These sexually explicit images and videos included depictions of the lascivious exhibition of the minors' nude genitalia and pubic areas, and of the minors engaged in masturbation. These images and videos meet the federal definition of child pornography.

Higle knowingly received these child pornography images and videos using the internet or cellular service networks, knowing that they were child pornography.

## 7. Stipulated Offense

The parties stipulate under USSG § 1B1.2(c) that the defendant has committed the following additional offense and that his sentencing guidelines should be calculated as if he had been convicted of an additional count charging the offense below:

> On or about October 4, 2017, in the Eastern District of Michigan, Southern Division, defendant Timothy Patrick Higle knowingly employed, used, persuaded, induced and enticed MV-7 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Such visual depiction was produced and transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, and such visual depiction was transported or transmitted using a means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, all in violation of 18 U.S.C. § 2251(a).

> On or about October 4, 2017, Higle persuaded, induced, and enticed MV-7, who was approximately 17 years old, to perform oral sex on Higle, while Higle used his cellular phone to produce an image of MV-7 engaged in this sexually

explicit conduct. Higle's cellular phone had been mailed, shipped, or transported in or affecting interstate or foreign commerce, and the sexually explicit image of MV-7 was transported or transmitted using the internet, a means or facility of interstate or foreign commerce.

## 8. Advice of Rights

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B. The right to a speedy and public trial by jury;

C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

F. The right to testify or not to testify at trial, whichever the defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.     The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.     The right to compel the attendance of witnesses at trial.

## 9.     Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of

the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 10. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way;

denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

## C.    Other Guideline Recommendations

The parties recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to Count 3:

| 2G2.1(a) | Base offense level | +32 |
|---|---|---|
| 2G2.1(b)(1)(B) | Minor at least 12 but less than 16 | +2 |
| 2G2.1(b)(6)(B) | Use of a computer | +2 |
| 2G2.1(d)(1) | Offense involved more than one minor, with the second minor scored for a base offense level of 32 and use of a computer (+2) | |

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to Count 8:

| 2G2.2(c)(1) | Cross-reference to 2G2.1 applies | |
| --- | --- | --- |
| 2G2.1(a) | Base offense level | +32 |
| 2G2.1(b)(1)(A) | Minor at least 12 but less than 16 | +2 |
| 2G2.1(b)(2)(A) | Sexual act or sexual contact | +2 |
| 2G2.1(b)(6)(B) | Use of a computer | +2 |

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the stipulated offense:

| 2G2.1(a) | Base offense level | +32 |
| --- | --- | --- |
| 2G2.1(b)(2)(A) | Sexual act or sexual contact | +2 |
| 2G2.1(b)(6)(B) | Use of a computer | +2 |

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provision applies:

**Page 11 of 26**

| 4B1.5(b)(1) | Repeat and dangerous sex offender | +5 |
|---|---|---|

### D.   Factual Stipulations for Sentencing Purposes

The parties stipulate that the following facts are true and that the Court may, but is not required to, rely on them in calculating the defendant's guideline range and imposing sentence: (1) The defendant engaged in a pattern of activity involving the sexual exploitation of a minor within the meaning of section 2G2.2(b)(5) of the guidelines, and (2) the offense involved more than 600 images within the meaning of section 2G2.2(b)(7) of the guidelines.

### E.   Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 10.B, 10.C, or 10.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

## F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 10.B, 10.C, or 10.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 11. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment

not exceed the top of the defendant's guideline range as determined by the Court.

### 2. No Right to Withdraw

The government's recommendation in paragraph 11B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

The parties have no agreement as to supervised release.

#### 2. No Right to Withdraw

The parties' recommendation, if any, is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to

follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 11.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

## D. Fines

The parties have no agreement as to a fine.

## E. Restitution

The Court must order restitution to every identifiable victim of the defendant's offenses. 18 U.S.C. § 2259. Defendant agrees that MV-1, MV-2, MV-3, MV-4, MV-5, MV-6, MV-7, and MV-8 are identifiable victims of his offense conduct and he agrees to pay restitution to each of these victims. Defendant further agrees to pay restitution to any other identifiable minor victim whom he induced to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. 18 U.S.C. § 3663(a)(1). The Court will determine at sentencing the identity of any other such victims who are entitled to restitution under the agreement. There is no recommendation or agreement as to the amounts of restitution owed to MV-1, MV-2, MV-3, MV-4, MV-5,

MV-6, MV-7, MV-8, or any other identified victims. The Court will determine at sentencing the amount of restitution owed to these victims.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

## F.    Forfeiture

As part of this agreement, pursuant to 18 U.S.C. § 2253, defendant agrees to forfeit his interest in the following:

1. Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

2. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained as a result of Title 18, United States Code, Sections 2252A(a)(2) and/or 2422(b); and

3. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including, but not limited to:

   - Gray iPhone with blue case

   - iPhone with black case

   - Apple Smartwatch

- Black Lenovo laptop

- Black Toshiba laptop

- Black iPad

- Black Kingston thumb drive

Defendant agrees that the subject property is forfeitable to the United States pursuant to 18 U.S.C. § 2253, as property involved in defendant's violations because the property was used to commit or promote the commission of the violations, and/or contains depictions of child pornography.

Following the entry of this plea agreement and upon application by the United States, defendant agrees to the entry of one or more orders of forfeiture of his interests in the above referenced property, including the entry of a Preliminary Order of Forfeiture, at or any time before, his sentencing. Defendant agrees that the forfeiture order will become final as to defendant's interests when entered by the Court.

Defendant expressly waives his right to have a jury determine forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

Defendant further waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Fed. R. Crim. P. 11(b)(1)(J), at the time his guilty plea is accepted.

Defendant further agrees to hold the United States and its agents and employees harmless from any claims whatsoever in connection with the seizure and forfeiture of the property referenced above.

Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

G. **Special Assessment**

The defendant understands that he will be required to pay a special assessment of $200, due immediately upon sentencing.

In addition, pursuant to 18 U.S.C. § 2259A, the defendant understands that the Court may order an additional special assessment of up to $50,000 for any person convicted of a child pornography production offense.

## 12. SORNA

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, Defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts (including any state where he resides, works, attends school or otherwise has significant contacts). Defendant further understands that he will be required to maintain and update his registration for at least fifteen years, and potentially for the rest of his life.

## 13. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may

have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the top of the guideline range as determined by the Court (or any applicable mandatory minimum, whichever is greater).

## 14. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 15.  Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw his guilty plea or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 16.   Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 17.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 18.   Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement.

If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 19. Acceptance of Agreement by Defendant

The government may withdraw from this agreement at any time before the defendant pleads guilty.

JEROME F. GORGON JR.
United States Attorney

Craig Wininger
Chief, Violent and Major Crimes
Unit
Assistant United States Attorney

Ann Nee
Assistant United States Attorney

Sean King
Assistant United States Attorney

Dated: April 1, 2026

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

Margaret Raben
Attorney for Defendant

Timothy Patrick Higle
Defendant

Dated: 4/8/26