UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                      Case No. 2:25-cr-20167
                                         Honorable Linda V. Parker

v.

Timothy Patrick Higle,

        Defendant.

---

**Application for Entry of Preliminary Order of Forfeiture**

---

Plaintiff applies for entry of a Preliminary Order of Forfeiture in this matter. In support of this application, the government states as follows:

1.      On April 6, 2026, a First Superseding Information was filed charging defendant Timothy Patrick Higle with Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a) (Count One through Seven), Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) (Count Eight), and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Nine). (ECF No. 29).

2.      The First Superseding Information contains Forfeiture Allegations that provided notice that upon conviction, the United States would seek to forfeit the following:

a.  any visual depiction described in section 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of this chapter or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;

b.  any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c.  any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

(ECF No. 29).

3.  On August 4, 2025, the government filed a First Forfeiture Bill of Particulars to supplement and clarify the forfeiture allegations and to provide notice of specific property the government intends to forfeit upon conviction pursuant to 18 U.S.C. § 2253, including a variety of specifically identified property including the following: Gray iPhone with Blue Case, Black Lenovo laptop, Black iPad, Black Kingston Thumb Drive, Black Toshiba Laptop, Apple watch SE 44mm Aluminum & Ceramic case, WR-50 meters with blue wristband and Black iPhone with black UAG smartphone case. (ECF No. 19, PageID.68).

4.  On or about April 8, 2026, the defendant pleaded guilty to Counts Three and Eight, in violation of 18 U.S.C. §§ 2251(a) and 2252A(a)(2). In his Rule 11 Plea Agreement, the defendant agreed to forfeit:

2

a.  any visual depiction described in section 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of this chapter or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;

b.  any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c.  any personal property, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property,

including, but not limited to, the following (and described in more detail):

- Miscellaneous Electronics (24-FBI-010173):
  - Gray iPhone with Blue Case
  - Black Lenovo laptop
  - Black iPad
  - Black Kingston Thumb Drive
  - Black Toshiba Laptop, and
- Miscellaneous Electronics (25-FBI-007229):
  - Apple watch SE 44mm Aluminum & Ceramic case, WR-50 meters with blue wristband
  - Black iPhone with black UAG smartphone case.

("Subject Property").   The government now seeks forfeiture of the Subject Property.

4.  The defendant agreed in his Rule 11 to the entry of one or more orders of forfeiture, including a Preliminary Order of Forfeiture, upon application by the United States at, or any time before his sentencing. (ECF No. 31, PageID.134).

5.  Pursuant to Local Rule 7.1, undersigned counsel for the United States

3

sent defendant's attorney, Margaret S. Raben, a copy of the proposed Preliminary Order of Forfeiture via email and asked if she had any objection or opposition. She responded that there is no objection to the entry of the requested Preliminary Order of Forfeiture.

6. With regard to forfeiture, Fed. R. Crim. P. 32.2(b)(1)(A) provides, in relevant part, that:

> As soon as practical after … a plea of guilty … is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.

7. Federal Rule of Criminal Procedure 32.2(b)(1)(B) provides that "[t]he court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."

8. Rule 32.2(b)(2)(A) provides for entry of a preliminary order of forfeiture, stating, in relevant part, that:

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property . . . .

9. Given the contents of defendant's Rule 11, defendant's guilty plea, the facts of this case, and other information in the record, the requisite nexus exists between the Subject Property and defendant's offense of conviction.

4

10.     Any claims by any third parties, if any, with respect to the Subject Property will be resolved under the procedures set forth in 21 U.S.C. § 853(n), which procedures are specifically incorporated into the proposed Preliminary Order of Forfeiture.

Based upon the foregoing, and the record in this case, the United States respectfully requests this Court enter the proposed Preliminary Order of Forfeiture. The United States will submit the proposed Preliminary Order of Forfeiture to the Court via ECF utilities.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

S/Cassandra M. Resposo
Cassandra M. Resposo (IL 6302830)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9736
Cassandra.Resposo@usdoj.gov

Dated: July 8, 2026

5

## Certificate of Service

I hereby certify that on July 8, 2026, the foregoing document was electronically filed using the ECF system which will send notification of such filing to all ECF participants.

S/Cassandra M. Resposo
Cassandra M. Resposo (IL 6302830)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9736
Cassandra.Resposo@usdoj.gov
